1

2

3

Sarah Shapero (Bar No. 281748)
SHAPERO LAW FIRM
100 Pine St., Ste. 530
San Francisco, CA 94105
Telephone:   (415) 293-7995
Facsimile:    (415) 358-4116

4

5

Attorney for Plaintiff,
VAHE TASHJIAN

6

7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

8

9

10

VAHE TASHJIAN, an individual,

Plaintiffs,

11

12

13

v.

INVICTUS   RESIDENTIAL   POOLER-2A,   a
Delaware company, et al.

14

15

Defendant

16

17

18

19

20

21

22

23

VAHE TASHJIAN, an individual,

Plaintiffs,

v.

INVICTUS RESIDENTIAL POOLER-2A, a
Delaware company, et al.

Defendant

Lead Case No.:  5:19-cv-01536-EJD
Consolidated with Case No.: 5:20-cv-08816-EJD

**PLAINTIFF'S OPPOSITION TO DEFENDANTS PLANET HOME LENDING, LLC AND SPROUT MORTGAGE ASSET TRUST'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION**

Date:     February 10, 2022
Time:     9:00 am
Place:    Courtroom 4

24

25

26

27

28

1

1

## I.   **INTRODUCTION**

2    Defendants seeks to dissolve the Preliminary Injunction granted to Plaintiff to enjoin the

3    foreclosure sale of her property solely because of an "Undertaking Order" which does not change

4    the status quo of the bond that was posted by Plaintiff whatsoever.  Defendant's Motion is replete

5    with unfounded allegations and hyperbolic assertions, misleadingly reciting the allegations of

6    adverse parties in separate litigation as though they were the findings of the court after

7    adjudication on the merits; that is simply not the case. Moreover, the Motion makes these

8    sweeping statements without while failing to cite to any specific authority or exhibits to support

9    these representations, conjuring up purported rationales for court actions and orders that are

10   strikingly absent from the record.   In support of its motion, Defendants make spurious

11   accusations about the character of Plaintiff and use inflammatory words throughout without one

12   single piece of evidence to support its characterizations that the bond payment was "stolen" or

13   that the bond has been "frozen."  In reality, there is a judgment on a settlement agreement in the

14   *Bell Investment Partners, LLC v. DD Stonebrook Dr., LLC, et al.* ("Bell Action") with no

15   findings of law or conclusions of facts as to underlying claims set forth therein.   At no point in

16   time in the Bell Action was it determined or adjudicated that the $304,000 bond payment was

17   funded with ill-gotten gains, much less that it was "stolen" as Defendants state throughout.

18   Furthermore, contrary to Defendants' assertion, the $304,000 bond held with the Santa Clara

19   County Superior Court is not "frozen."  The Undertaking Order simply enjoins Vahe Tashjian

20   (not the Defendants herein) from receiving the bond funds until further order from the Court.

21   (Defendants' RJN, Exh. 14).  Thus, the undertaking order does not alter Defendants' position vis-

22   à-vis the bond but alters Plaintiff's ability to take the bond funds without a court order.  However,

23   since neither Defendants nor Plaintiff would have been entitled to the bond proceeds in the

24   absence of a court order anyways, the Undertaking Order does not alter the undertaking

25   whatsoever.   For these reasons, and these reasons alone, Defendants' Motion to Dissolve the

26   Preliminary Injunction must be denied.

27   ///

28   ///

1

2

## II.     LEGAL ARGUMENT

### A.  Legal Standard.

Under federal law, "[a] party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." Sharp v. Weston, 233 F.3d 1166, 1170 (9th Cir. 2000).  This is a two part test where the moving party must first "address whether the party seeking dissolution of the injunction has established 'a significant change in facts or law." (Id.)  Here, the moving party has not established a significant change in facts or law to support the dissolution of this injunction and, for that reason, this motion must be denied.

### B.  There Has Been No Determination that the Funds Used for the Bond Payment were Ill-Gotten Funds.

In granting the preliminary injunction in this matter, the Santa Clara County Superior Court required that Plaintiff post a bond in the amount of $304,000.00 which was done via cashier's check on December 14, 2021. As Defendant points out, the validity of the funds used has been called into question, but not adjudicated. In fact, the only judgment that was entered in the Bell Action is a judgment based on the Settlement Agreement, not the underlying facts of the Bell Action.  The Motion seeks to have this Court dissolve the preliminary injunction entered into on December 10, 2020 to allow Defendants to move forward with foreclosing on Plaintiff's home, because "Plaintiff Tashjian cannot post the $304,000.00 bond based on litigation against him from another case." (Motion at p. 4, lines 6-8). This falsity of this contention is self-evident; Plaintiff can and did post the $304,000.00 bond on December 14, 2020 and no court has found otherwise.

### C.  The Undertaking Order Does not Change Defendants' Position Vis-à-vis the Bond.

Defendant argues that the Undertaking Order, which provides that Plaintiff Vahe Tashjian may not receive the undertaking funds absent "further order from the Court" is a change in circumstances from when Plaintiff posted the bond.  This is untrue.  California Code of Civil Procedure § 996.40 provides:

3

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

(a) If a bond is given in an action or proceeding, the liability on the bond may be enforced on motion made in the court without the necessity of an independent action.

2

3

(b) The motion shall not be made until after entry of the final judgment in the action or proceeding in which the bond is given and the time for appeal has expired or, if an appeal is taken, until the appeal is finally determined. The motion shall not be made or notice of motion served more than one year after the later of the preceding dates.

4

5   It is well settled that "[t]he dissolution of the temporary restraining order or the refusal to grant a

6   preliminary injunction is not enough. The main action has to be terminated before an action to

7   recover an undertaking may be brought." (See Clark v. Clayton (1882) 61 Cal. 634,

8   638; Allen v. Pitchess (1973) 36 Cal.App.3d 321, 330 [111 Cal.Rptr. 658]; Nuclear Electronic

9   Laboratories, Inc. v. William C. Cornell Co. (1965) 239 Cal.App.2d 8, 10 [48 Cal.Rptr. 416].)

10  The law is the same in Federal Court, that a bond is recoverable only by motion.  (Bass v. First

11  Pac. Networks, Inc., 219 F.3d 1052 (9th Cir. 2000).  Therefore, this Undertaking Order, which

12  simply requires that Plaintiff Tashjian bring a motion before seeking to recover the funds, tracks

13  the requirements under California and Federal law for release of the bond.  Put simply, this order

14  has changed nothing.  Before the Order was entered, Plaintiff Tashjian would have needed an

15  order from the Court to receive the bond funds and after the order was entered, Plaintiff Tashjian

16  still needs the same order from the Court to receive the bond funds.  Describing the preliminary

17  injunction, Movants state: "Effectively, the Undertaking Order seizes the Undertaking funds for

18  distribution in satisfaction of the settlement between Bell and Plaintiff." First, the Court certainly

19  did not "seize" the funds, nor does the Motion cite any authority for the proposition that the Court

20  under these circumstances could do so. In fact, the preliminary injunction merely precluded Mr.

21  Tashjian from "receiving, disposing, distributing, transferring, hypothecating, in whole or in part,

22  the undertaking funds ($304,000) deposited with this court in action number 20CV371971,

23  entitled Tashjian v. Planet Home Lending, LLC on December 14, 2020, absent a further order of

24  this court." (Exhibit 14 to Defendants' Request for Judicial Notice, at p. 5). Tacitly

25  acknowledging the overreaching nature of these spurious arguments, Movants hedge their

26  language, stating, "[a]t the very least, the fact that the court in the Bell Action exercised

27  jurisdiction over the funds for the Undertaking renders the Injunction invalid as the bond was

28  funded by stolen money." Setting aside the fact that "stolen money" rhetoric is entirely absent

1    from the order (and noting that Plaintiff vehemently disputes the allegation), the crux of the

2    matter is that the June 2021 Order essentially functioned to preserve the status quo. Prior to that

3    Order, Mr. Tashjian would not have been permitted to receive, transfer, or otherwise dispose of

4    the $304,000 posted to secure the injunction preventing his house from being foreclosed on, and

5    subsequent to that Order including up to the present Mr. Tashjian still cannot take such actions.

6    This is a far cry from the significant change in facts that would warrant the dissolution of the

7    preliminary injunction.

8           Furthermore, even if a Motion were not required to obtain release of the bond monies, the

9    Order does not change Defendants' position in regards to the funds.  Specifically, the Order only

10   restrains Tashjian from obtaining the bond funds, not Defendants.  In fact, Defendants' position

11   vis-à-vis the funds has remains unchanged and there is nothing precluding them from seeking

12   return of the funds if they are deemed the prevailing party in this action.  Therefore, since

13   Defendants have not shown a change in circumstances regarding the bond that was posted in this

14   action, their motion fails entirely.

15          Interestingly, when the Bell Court issued its Order to Show Cause prior to the June 10,

16   2021 injunction, Plaintiffs' Proposed Order specifically requested that the court order:

17   "Defendant Vahe Tashjian is Ordered to Show Cause why the Clerk of the Court **should not be**

18   **compelled to immediately return** the $304,000 undertaking given in this Court action number

19   20CV371971, entitled *Tashjian v. Planet Home Lending, LLC* to Bell." (Plaintiff's RJN, Exh.

20   A)(emphasis added). Instead, the Bell Court explicitly declined to use such language, crossing out

21   the proposed language and instead stating: "Defendant Vahe Tashjian is Ordered to Show Cause

22   why the Clerk of the Court **should not be prohibiting from releasing to defendant Tashjian**

23   the $304,000 undertaking given in this Court action number 20CV371971, entitled *Tashjian v.*

24   *Planet Home Lending, LLC* to Bell until further order of this court." (Id.)(emphasis added).  The

25   subsequent June 16, 2021 Order granting the Preliminary Injunction uses the language in the

26   Order to Show Cause as was adopted by the court, not the language as proposed by the Plaintiff

27   (specifically, it does not make any mention of "returning" funds, but merely restricts Mr.

28

Tashjian's ability to transfer or utilize the undertaking funds). (Exhibit 14 to Defendants' Request for Judicial Notice, at p. 5).

Further, Movants contend, "[t]he fact that Bell Court exercised jurisdiction over the funds for Undertaking renders the injunction invalid as the bond was funded by stolen money." the court in the Bell Case did not and could not "exercise jurisdiction" over the preliminary injunction which is properly within the jurisdiction of this Court since such time as Defendants removed the action from state court. Instead, the court in the Bell Action merely retained its jurisdiction to enforce the June 16, 2021 Order, which enjoined Mr. Tashjian from "receiving, disposing, distributing, transferring, hypothecating" the funds deposited with court on December 14, 2020. Again, this serves to preserve the status quo and leaves untouched the funds which were deposited. If the court in the Bell Action had purported to "exercise jurisdiction" over the preliminary injunction and had they found, as Movants suggest, the statutory requirement of the Undertaking was not met, the court could have sua sponte dissolved the injunction but it did not purport to do any such thing.  For all of these reasons, Defendants have not shown any change in circumstance, much less a significant change in circumstance, meriting dissolution of this injunction.

**III.    CONCLUSION**

For the reasons set forth herein, Defendants' Motion to Dissolve the Preliminary Injunction must be denied.

DATED: November 19, 2021          Respectfully submitted,

                                  SHAPERO LAW FIRM

                                  */s/ Sarah Shapero*
                                  Sarah Shapero, Esq.
                                  Attorney for Plaintiff
                                  VAHE TASHJIAN