UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VAHE TASHJIAN,<br><br>            Plaintiff,<br><br>    v.<br><br>INVICTUS RESIDENTIAL POOLER - 2A, et al.,<br><br>            Defendants. | Case No.  5:19-cv-01536-EJD<br><br>**ORDER GRANTING MOTION TO DISSOLVE PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 102 |

Before this action was removed to federal court, the Santa Clara County Superior Court issued a preliminary injunction that enjoined certain Defendants from foreclosing on Plaintiff Vahe Tashjian's home.  Defendants Planet Home Lending, LLC and Sprout Mortgage Asset Trust move to dissolve this preliminary injunction.[1]  *See* Defendants' Motion to Dissolve Preliminary Injunction ("Mot."), Dkt. No. 102.  Plaintiff filed an opposition to this motion, to which Defendants filed a reply.  *See* Plaintiff's Opposition to Motion to Dissolve Injunction ("Opp"), Dkt. No. 105; Reply in Support of Motion to Dissolve Preliminary Injunction ("Reply"), Dkt. No. 110.  Having considered the Parties' papers and having had the benefit of oral argument on February 10, 2022, the Court **GRANTS** Defendants' motion to dissolve the preliminary injunction.

---

[1] Both parties have separately requested the court take judicial notice of various documents.  The Court **GRANTS** these separate requests for judicial notice as the documents are court records.  *See* Fed. R. Evid. 201(b)(2); *see also United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

I.    BACKGROUND

On or about January 31, 2018, Plaintiff obtained a mortgage loan from Defendant Recovco Mortgage Management, LLC ("Recovco") in the original principal amount of $3,307,500.00 ("the Loan") for the residential property located at 901 Loyola Drive, Los Altos Hills, CA 94024 ("the Property"). *See* Complaint ("Compl") ¶ 16, Dkt. No. 1.  Thereafter, a dispute between Plaintiff and Recovco arose regarding whether repayment under the terms of the Loan agreement included a payment of interest and principal or only a payment of interest.  Compl. ¶¶ 17–25.  The mortgage agreement states that "beginning on March 1, 2018," Plaintiff would be required to "pay principal and interest . . . every month," in the adjustable amount of "$20,364.85."  Compl., Ex. A at ¶¶ 1–4.  Notably, under the loan agreement, while the amount of principal charged per month was adjustable, the interest rate was fixed at 6.250% for 84-months.  Compl., Ex. A at §§ 1–4.

At some point after the loan was executed, Recovco and Plaintiff entered into a one-page loan modification agreement that was backdated to January 30, 2018.  Plaintiff alleges that, pursuant to this amendment, he believed the loan only required him to make interest payments during the fixed-interest period.  Compl. ¶ 25.  The amendment states

> Pursuant to Mortgage Loan entered into between Vahe S. Tashjian "Borrower" and Recovco Mortgage Management, LLC ("Recovco") which is closing on January 31, 2018.  It is agreed amongst and between by Borrower and Recovco that the fully amortizing 5/1 ARM will reset as a 5/1 with a *seven-year interest only period* within 30 days from the close of the mortgage loan.  The interest only period will be for 84 months and the loan will fully amortize over its remaining life.

Compl., Ex. B (emphasis added).

In February 2018, Plaintiff received his first initial Monthly Payment Notice ("MPN"), which asserted a first payment amount of $22,529.53.  Compl. ¶ 23.  Plaintiff alleges that this MPN was incorrect because it included in its sum a principal payment of $3,138.29.  Compl. ¶ 24.  Plaintiff deducted this principal amount and sent a payment of $17,225.56.  Compl. ¶ 25.  He also contacted the lender (at this point SLS) regarding the MPN payment calculation.  Compl. ¶ 25.

The loan was subsequently transferred to different providers, including Invictus and

1    Sprout.  Compl. ¶¶ 21–22.  Plaintiff made a total of six payments on May 29, 2019, which were

2    applied to the months of December 2018 through May 2019, respectively.  He made another

3    payment on May 31, 2019, which was applied to the month of June 2019.  Since that May 31,

4    2019 payment, Plaintiff has defaulted on the Loan and has failed to make any payments.

5                    **A.  Litigation Regarding Plaintiff's Mortgage**

6            Plaintiff ultimately filed two state-court suits regarding his loan.  First, on March 19, 2019,

7    Plaintiff filed suit in Santa Clara Superior Court against Recovco, Invictus, Sprout, other servicers

8    of the loan, and various credit reporting agencies, alleging improper credit reporting and charging

9    of principal during an interest-only period on the loan ("the Invictus Action").  The action was

10   removed to this Court on March 25, 2019.  *See* Dkt. No. 1.

11           Second, on October 9, 2020, Plaintiff filed another action against Planet Home, Sprout,

12   and other servicers of the loan ("the Planet Home Action").  The Planet Home Action also alleges

13   improper credit reporting, charging of principal during an interest-only period on the loan, and that

14   these errors bar foreclosure.  *See* Dkt. No. 102-5 (Defendants' Request for Judicial Notice, Exhibit

15   2).  Based thereon, Plaintiff applied for, and received, a temporary restraining order on November

16   6, 2020, enjoining the Planet Home Action defendants from foreclosing on the Property.  *See* Dkt.

17   No. 102-6 (Defendants' Request for Judicial Notice, Exhibit 2).  Under the temporary restraining

18   order, Defendants could not "foreclose[e] on, or tak[e] any other action whatsoever, with respect

19   to" the Property pending the state court's decision on Plaintiff's motion for the injunction.  *Id.*

20           Plaintiff then moved for a preliminary injunction on November 13, 2020.  *See* Dkt. No.

21   102-7 (Defendants' Request for Judicial Notice, Exhibit 4).  Following a hearing, the state court

22   issued an order on December 10, 2020, granting a preliminary injunction and enjoining

23   Defendants from foreclosing on Plaintiff's home pending a final determination at trial of his cause

24   of action.  *See* Dkt. No. 102-10 (Defendants' Request for Judicial Notice, Exhibit 7).  The

25   injunction order provided that "[a]s a condition of the Court's grant of this Preliminary Injunction,

26   Plaintiff shall post an undertaking in the amount of $304,000 by the close of business on

27   Wednesday, December 16, 2020."  *Id.* at 2.  Plaintiff submitted a cashier's check in the amount of

28   Case No.: 5:19-cv-01536-EJD

ORDER GRANTING MOTION TO DISSOLVE PRELIMINARY INJUNCTION

United States District Court
Northern District of California

United States District Court
Northern District of California

1   $304,000 to the state court on December 14, 2020.  *See* Dkt. No. 102-11 (Defendants' Request for

2   Judicial Notice, Exhibit 8).

3          The Planet Home Action was then removed to this Court on December 11, 2020.

4   Following briefing, the Court related and consolidated the Invictus Action and the Planet Home

5   Action.  *See* Dkt. No. 84 (making Invictus Action the lead case).

6          **B.  The Bell Action**

7          On December 30, 2020, Bell Investment Partners, LLC sued Plaintiff and two of Plaintiff's

8   corporate, real-estate entities (collectively, "Tashjian Entities").  *See* Dkt. No. 102-12

9   (Defendants' Request for Judicial Notice, Exhibit 9).  Bell alleges that Plaintiff, in his capacity as

10  a limited liability company manager, sold property that belonged to the Tashjian Entities, and

11  failed to pay distributions to the entities' members (including Bell) as required by the LLC

12  operating agreements.  *Id.*  Bell applied for, and received, a temporary restraining order preventing

13  further distribution of the proceeds of the LLC property sale, which the state court later converted

14  to a preliminary injunction on February 24, 2021.  *See* Dkt. Nos. 102-13 & 14 (Defendants'

15  Request for Judicial Notice, Exhibits 10 & 11).

16         On February 18, 2021, Bell and the Tashjian Entities reached a settlement in which the

17  Tashjian Entities would pay money and transfer interests in other entities to Bell.  *See* Dkt. No.

18  102-15 (Defendants' Request for Judicial Notice, Exhibit 12).  The Tashjian Entities only partially

19  performed, while some interests were transferred, Bell did not receive any of the settlement

20  money.  *Id.* at 1.  In sum, Bell alleged that Tashjian was transferring money from the Tashjian

21  Entities' bank accounts into his personal account.  *See id.* at 3 ("Tashjian stole over $3.6 million,

22  99.4% of the money.").  Bell produced bank records showing that the $304,000 used to satisfy

23  Plaintiff's undertaking obligations in the Planet Home Action was funded by the Tashjian Entities'

24  assets, *i.e.*, the $3.6 million that Bell was entitled to under the settlement agreement.  *Id.* at 3–6.

25  Bell applied for and received a temporary restraining order enjoining the Tashjian Entities from

26  receiving, disposing, distributing, transferring, hypothecating, in whole or in part, funds paid by

27  Plaintiff in satisfaction of the Undertaking bond for the Injunction in the Planet Home Action.  *Id.*

28  Case No.: 5:19-cv-01536-EJD
    ORDER GRANTING MOTION TO DISSOLVE PRELIMINARY INJUNCTION

at 6; Dkt. No. 102-17 (Defendants' Request for Judicial Notice, Exhibit 17).

## II.        LEGAL STANDARD

Under 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Once a case is removed to federal court, it is settled that federal law governs the future course of proceedings, notwithstanding state court orders issued prior to removal. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 437 (1974); *see also Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 547 (D.N.J. 2000) ("[A] district court has the power to enforce or continue orders or judgments entered by the state court as it would any such order or judgment it might itself have entered.").

Pursuant to federal law, "[a] party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000); *Ware v. Bayview Loan Servicing, LLC*, 2013 WL 5308303, at *2 (S.D. Cal. Sept. 18, 2013) (noting that changed circumstances may turn a preliminary injunction into "an instrument of wrong" (quotation marks and citations omitted)). The Court undertakes a two-part inquiry; first, it must "address whether the party seeking dissolution of the injunction has established 'a significant change in facts or law[,]'" and second, "the court must then address whether this change 'warrants . . . dissolution of the injunction.'" *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000)). This second inquiry should be guided "by the same criteria that govern the issuance of a preliminary injunction." *Id.*

Federal Rule of Civil Procedure 65(c) further provides that "[t]he court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any part found to have been wrongfully enjoined or restrained." Moreover, California state law, under which the injunction was granted, provides that:

On granting an injunction, the court or judge must require an

Case No.: 5:19-cv-01536-EJD
ORDER GRANTING MOTION TO DISSOLVE PRELIMINARY INJUNCTION

5

United States District Court
Northern District of California

1

2

> undertaking on the part of the applicant to the effect that the applicant will pay to the party enjoined any damages, not exceeding an amount to be specified, the party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled to the injunction.  Within five days after the service of the injunction, the person enjoined may object to the undertaking.  *If the court determines that the applicant's undertaking is insufficient and a sufficient undertaking is not filed within the time required by statute, the order granting the injunction must be dissolved*.

Cal. Code Civ. Proc. § 529(a) (emphasis added); *see also Ware*, 2013 WL 5308303, at *2 ("The failure to pay a bond required by court order has been found to constitute changed circumstances meriting the dissolution of a preliminary injunction.").

## III.    DISCUSSION

The Court agrees with Defendants that the preliminary injunction must be dissolved for failure to pay the $304,000 undertaking as required by the state court.  First, by issuing an injunction in favor of Bell, the state court necessarily found that Bell was likely to succeed on its allegations that the $304,000 used to support the undertaking was funded by stolen money.  *See White v. Davis*, 30 Cal. 4th 528, 554 (2003) ("Past California decisions further establish that, as a general matter, the question whether a preliminary injunction should be granted involves two interrelated factors: (1) *the likelihood that the plaintiff will prevail on the merits*, and (2) the relative balance of harms that is likely to result from the granting or denial of interim injunctive relief." (emphasis added)); *see also* Reply at 4 (summarizing the allegations used to support the Bell injunction, namely that "[t]he $304,000 Tashjian used to obtain a preliminary injunction to prevent foreclosure on his personal residence belongs to Stonebrook and should have been distributed to Plaintiff Bell").  Accordingly, the injunction must be dissolved because Defendants have demonstrated that the $304,000 undertaking that supports the Planet Home Injunction was paid with money that does not belong to Plaintiff.  *See Sharp*, 233 F.3d at 1170 ("[P]arty seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction.").

Plaintiff's arguments against dissolution are not persuasive.  Plaintiff argues that the injunction should not be dissolved because the Bell Court's injunction does not require a release of

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the undertaking funds in this case.  That is, the status quo remains in this case—for Plaintiff to

2    recover the undertaking funds, he would have to seek court intervention first.  Thus, the

3    undertaking funds remain protected for Defendants.  But this misses the point of why Plaintiff was

4    required to post an undertaking.  Because the $304,000 seemingly belongs to the Bell plaintiffs,

5    Defendants have no protection against the injunction in this case.  Hypothetically, if the Court

6    finds that the preliminary injunction was improper, it could not require the $304,000 undertaking

7    to be released to Defendants because the Bell injunction froze the funds.  Therefore, Defendants

8    have no protection against the injunction in this case.  This constitutes a changed circumstance and

9    requires that the injunction be dissolved.

10    **IV.    CONCLUSION**

11    For the foregoing reasons, the Court **GRANTS** Defendants' motion to dissolve the

12    preliminary injunction.  The Court gives Plaintiff **ten days** from the date of this Order to obtain

13    and post a new undertaking.

14    **IT IS SO ORDERED.**

15    Dated: February 10, 2022

16

17    _____

18    EDWARD J. DAVILA
      United States District Judge

19

20

21

22

23

24

25

26

27

28    Case No.: 5:19-cv-01536-EJD
      ORDER GRANTING MOTION TO DISSOLVE PRELIMINARY INJUNCTION
      7