UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VAHE TASHJIAN,<br><br>       Plaintiff,<br><br>    v.<br><br>INVICTUS RESIDENTIAL POOLER - 2A, et al.,<br><br>       Defendants. | Case No.  5:19-cv-01536-EJD<br><br>**ORDER DENYING MOTION TO DISBURSE SETTLEMENT PROCEEDS**<br><br>Re: ECF No. 220 |

Plaintiff has purportedly reached settlement with certain Defendants in this case and now seeks an order pursuant to California Code of Civil Procedure § 708.440(b), disbursing the settlement proceeds to Plaintiff's counsel over the two judgment creditors who have appeared in this case. For the following reasons, the motion is DENIED WITHOUT PREJUDICE.

**I.  BACKGROUND**

On August 27, 2021, approximately two and a half years after Plaintiff filed this action, Bell Investment Partners, LLC filed a Notice of Judgment Lien for $2,286,372.40. ECF No. 98. On November 8, 2022, Charles Mousseau (collectively with Bell Investment Partners, "Judgment Creditors") also filed a Notice of Judgment Lien for $1,693,519.62. ECF No. 147.

Around late August 2023, Plaintiff entered into a settlement agreement with Newrez, Invictus, and Specialized Loan Servicing LLC. Decl. Sarah Shapero ¶ 2, ECF No. 220-1. The settlement agreement provided that the settling defendants would remit $20,000 as a cash settlement to Plaintiff, which is to be paid to a Shapero Law Firm Client Trust Account. *Id.* Plaintiff's counsel attempted twice to contact counsel for Bell Investment Partners but was unable

Case No.: 5:19-cv-01536-EJD
ORDER DENYING MOTION TO DISBURSE SETTLEMENT PROCEEDS

1

1  to connect with Mr. van Vleck. *Id.* ¶ 3. Plaintiff's counsel also had a phone call with counsel for
2  Mousseau but did not hear back from him as to whether his client would stipulate to the
3  settlement. *Id.* ¶ 4.
4      Plaintiff's counsel filed this motion on October 18, 2023, ECF No. 220, and subsequently
5  filed a Notice of Non-Opposition when the Judgment Creditors did not file an opposition to her
6  motion. ECF No. 224.

**II.   DISCUSSION**

    Plaintiff brings this motion for an order disbursing the settlement proceeds to Plaintiff's counsel, contending that her firm has an attorney's lien that is superior to the judgment creditors' claims. ECF No. 220. Plaintiff primarily appeals to public policy and equitable considerations in arguing that her attorney's lien should take priority.

    Federal Rule of Civil Procedure 69 requires that, in federal court, procedures for execution of judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Under California law, once proper notice of a judgment lien is made, "[u]nless the judgment lien is first satisfied . . . no [] settlement of the pending action . . . may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court." Cal. Civ. Proc. Code § 708.440(a). "This rule was intended in part to prevent a judgment debtor from entering into collusive agreements/settlements in order to avoid the judgment creditor's lien." *Flores v. Jewels Mktg. & Agribusiness*, 2010 WL 1486913, at *5 (E.D. Cal. Apr. 13, 2010) (collecting cases). Section 708.440(b), however, permits the trial court "in its discretion, after a hearing, [to] make an order" authorizing settlements or judgments in favor of the judgment debtor. Cal. Civ. Proc. Code § 708.440(b). The statute further specifies that the "notice of motion shall be served on the judgment creditor" and that "[s]ervice shall be made personally or by mail." *Id.*

    As a preliminary matter, although Plaintiff's motion is brought as one for disbursement of settlement funds, it is perhaps more correctly styled as motion for settlement approval pursuant to § 708.440. The provisions of § 708.440 do not directly discuss disbursement of settlement or

Case No.: 5:19-cv-01536-EJD
ORDER DENYING MOTION TO DISBURSE SETTLEMENT PROCEEDS
2

judgment funds; rather, § 708.440 outright *prohibits* any "compromise, dismissal, settlement, or satisfaction of the pending action . . . without the written consent of the judgment creditor or authorization by order of the court." Per the statutory language, Plaintiff is required to first obtain court approval or the judgment creditors' consent before settling his claim with Newrez, Invictus, and Specialized Loan Servicing LLC. *See Gilman v. Dalby*, 61 Cal. App. 5th 923, 936 (2021) ("A party who has a notice of a lien and nonetheless attempts to dismiss his or her case in violation of section 708.440's requirements has achieved, at most, an ineffective dismissal."). The Court, therefore, will disregard Plaintiff's labelling of this motion as one for "disbursement" and treat it simply as one made pursuant to § 708.440(b).

Turning to the motion itself, the Court finds that Plaintiff has failed to satisfy § 708.440's express statutory requirements. Plaintiff's counsel attested that she emailed and left voice mail with counsels for the two judgment creditors in this matter but did not receive any affirmative response. Shapero Decl. ¶¶ 3–4. Notably absent from counsel's declaration or the docket, however, is any proof of personal or mail service of the instant motion on the Judgment Creditors.[1] *See* Cal. Civ. Proc. Code § 708.440(b) ("The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail."). Additionally, Plaintiff indicated that there would be no oral argument for his motion unless ordered by the Court (Mot. 1), yet § 708.440(b) expressly provides that the Court may issue an order "in its discretion, *after a hearing*." These are not mere legal niceties; they provide enforceable procedural safeguards that are especially salient in situations where, as here, the circumstances suggest that the Judgment Creditors may not have received actual notice of Plaintiff's filed motion. *Cf. Pangborn Plumbing Corp. v. Carruthers & Skiffington*, 97 Cal. App. 4th 1039, 1056 (2002) (noting that "judgment lien statutes are subject to strict construction because they are purely the creation of the Legislature");

---

[1] Even if the two judgment creditors received ECF notices of this motion, this does not satisfy the requirements of § 708.440(b), which expressly instruct that service "shall be made personally or by mail." At least one federal court has strictly enforced this language and denied a motion under § 708.440(b) where service was effectuated only by electronic mail. *See Eclipse Grp. LLP v. Target Corp.*, 2018 WL 9943426, at *1 (S.D. Cal. Aug. 7, 2018).

*see also id.* at 1056–57 ("[T]he trial court did not have the power to remedy the parties' failure to give notice to, and obtain the consent of, the Creditor."). Likewise, federal courts have not hesitated to deny § 708.440(b) motions where movants failed to comply with the procedural rules designed to ensure adequate notice to an interested party. *See Eclipse Grp.*, 2018 WL 9943426, at *1 (denying § 708.440 motion where movants emailed judgment creditor but there was "no indication that counsel was served personally or by mail, as is required by § 708.440(b)").

Plaintiff's arguments regarding lien priority do not remedy the procedural deficiencies of this motion. Although the priority of specific liens to the judgment or settlement may be relevant to a merits analysis of whether the Court should approve the settlement, this Court does not "have the power to remedy the parties' failure to give notice to" the Judgment Creditors. *Pangborn*, 97 Cal. App. 4th at 1056–57. To that end, nothing in this Order should be construed to be an opinion on the merits of a procedurally proper motion.

In summary, because Plaintiff's motion does not conform with the requirements of § 708.440(b), the Court will DENY the motion WITHOUT PREJUDICE to refiling in compliance with the appropriate statutory provisions.

### III. CONCLUSION

Based on the foregoing, the Motion for Order to Disburse Settlement Proceeds is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 27, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-01536-EJD
ORDER DENYING MOTION TO DISBURSE SETTLEMENT PROCEEDS
4