UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VAHE TASHJIAN,<br><br>    Plaintiff,<br><br>v.<br><br>INVICTUS RESIDENTIAL POOLER - 2A, et al.,<br><br>    Defendants.<br>VAHE TASHJIAN,<br><br>    Plaintiff,<br><br>v.<br><br>PLANET HOME LENDING, LLC, et al.,<br><br>    Defendants. | Lead Case No.      19-cv-01536-EJD<br>Member Case No.  20-cv-08816-EJD<br><br>**ORDER GRANTING PLAINTIFF VAHE TASHJIAN'S MOTION FOR APPROVAL OF SETTLEMENT; REQUIRING NOTICES OF DISMISSAL OR FURTHER STATUS REPORT**<br><br>Re: ECF No. 236 |

Pending before the Court is Plaintiff Vahe Tashjian's unopposed Motion for Approval of Settlement (the "Motion"). *See* Mot., ECF No. 236; Not. of Non-Opp'n, ECF No. 240. Mr. Tashjian requests that the Court approve, pursuant to California Code of Civil Procedure § 708.440(b), a settlement agreement (the "Agreement") he reached in August 2023 with Defendants New Penn Financial LLC dba Shellpoint Mortgage Servicing ("New Penn" or "Newrez"[1]), Invictus Residential Pooler – 2A ("Invictus"), and Specialized Loan Servicing LLC

---

[1] Plaintiff's Notice of Motion indicates that New Penn is one of the parties to the Agreement, and Plaintiff's other papers use only the term "Newrez" without definition. *Compare* Not. of Mot. 1, ECF No. 236, *with* Mem. Points & Auths. 2, ECF No. 236-1 *and* Decl. of Sarah Shapero ¶ 2, ECF No. 236-2. The Court understands New Penn and Newrez to be the same entity.

Case No.: 19-cv-01536-EJD
ORDER GRANTING PL.'S MOT. FOR APPROVAL OF SETTLEMENT
1

("SLS" and, with Newrez and Invictus, the "Settling Defendants"). *See id.* The Court heard oral argument on the Motion on February 8, 2023. *See* ECF No. 246. Having considered the written submissions, oral arguments, and governing case law, the Court GRANTS Mr. Tashjian's Motion for the reasons below.

## I. BACKGROUND

As relevant to the instant Motion, this consolidated action involves two lawsuits brought by Mr. Tashjian in 2019 and 2020 against various mortgage lenders, loan servicers, and credit reporting agencies related to Mr. Tashjian's borrowing of a mortgage loan. Default has been entered as to several defendants, and others have been dismissed.

On March 10, 2021, Mr. Tashjian notified the Court that Sarah Shapero of the Shapero Law Firm was his counsel of record. *See* ECF No. 80. As of October 18, 2023, Mr. Tashjian owed the Shapero Law Firm attorney fees of $23,555.07. *See* Decl. of Sarah Shapero ("Shapero Decl.") ¶ 5, ECF No. 236-2.

On August 27, 2021, Bell Investment Partners, LLC ("Bell Investment") filed a Notice of Judgment Lien for $2,286,372.40, based on a judgment entered on July 14, 2021, in the Superior Court of California, County of Santa Clara. *See* ECF No. 98. On November 8, 2022, Charles Mousseau ("Mr. Mousseau" and, with Bell Investment, the "Judgment Creditors") also filed a Notice of Judgment Lien for $1,693,519.62, based on a judgment entered on February 9, 2022, in the Superior Court of California, County of Santa Clara. *See* ECF No. 147.

Around late August 2023, Mr. Tashjian and the Settling Defendants executed the Agreement, which provided that the Settling Defendants would remit $20,000 as a cash settlement to Mr. Tashjian to be paid to the Shapero Law Firm Client Trust Account. *See* Shapero Decl. ¶ 2. In September 2023, Plaintiff's counsel emailed and left a voicemail for counsel for Bell Investment to inform him of the Agreement. *See id.* ¶ 3. Bell Investment did not respond. *See id.* Also in September 2023, Plaintiff's counsel had a telephone call with counsel for Mr. Mousseau, during which counsel for Mr. Mousseau stated that he would inform Plaintiff's counsel regarding whether Mr. Mousseau would stipulate to the Agreement. *See id.* ¶ 4. Plaintiff's counsel did not

Case No.: 19-cv-01536-EJD
ORDER GRANTING PL.'S MOT. FOR APPROVAL OF SETTLEMENT
2

1  hear back from counsel for Mr. Mousseau. *See id.*

2  On October 18, 2023, counsel for Plaintiff filed a Motion for Order to Disburse Settlement Proceeds Pursuant to [California Code of Civil Procedure] § 708.440(b) (the "Prior Motion"), and subsequently filed a notice of non-opposition when the Judgment Creditors did not file an opposition. *See* ECF Nos. 220, 224. On November 27, 2023, the Court denied the Prior Motion, construing it as a motion for settlement approval and finding Plaintiff had failed to satisfy express statutory requirements under § 708.440. *See* Order, ECF No. 229. The Court noted that Plaintiff had not filed any proof of personal or mail service of the Prior Motion on the Judgment Creditors, as required under § 708.440(b). *See id.* at 3. The Court further noted that although the Prior Motion had indicated that there would be no oral argument unless required by the Court, the statute expressly requires a hearing prior to approval of a settlement. *See id.* The denial of the Prior Motion was without prejudice to Plaintiff refiling his request in compliance with the statutory provisions. *See id.* at 4.

On December 11, 2023, Plaintiff filed the instant Motion. *See* Mot. On December 29, 2023, Plaintiff filed a notice that no opposition had been filed. *See* Not. of Non-Opp'n. The Court heard oral argument on February 8, 2023. *See* ECF No. 246.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 69 requires that procedures for execution of judgment in federal courts "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Under California law, once proper notice of a judgment lien is made, "[u]nless the judgment lien is first satisfied . . . no [] settlement of the pending action . . . may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court." Cal. Civ. Proc. Code § 708.440(a). "This rule was intended in part to prevent a judgment debtor from entering into collusive agreements/settlements in order to avoid the judgment creditor's lien." *Flores v. Jewels Mktg. & Agribusiness*, 2010 WL 1486913, at *5 (E.D. Cal. Apr. 13, 2010) (collecting cases). Section 708.440(b), however, permits the trial court "in its discretion, after a

Case No.: 19-cv-01536-EJD
ORDER GRANTING PL.'S MOT. FOR APPROVAL OF SETTLEMENT
3

hearing, [to] make an order" authorizing settlements or judgments in favor of the judgment debtor. Cal. Civ. Proc. Code § 708.440(b).  The statute further specifies that the "notice of motion shall be served on the judgment creditor" and that "[s]ervice shall be made personally or by mail." *Id.*

### III.    DISCUSSION

Mr. Tashjian argues that the Court should approve the Agreement and order the cash remittance be disbursed to the Shapero Law Firm because his attorneys have a lien on the judgment that prevails over the liens of the Judgment Creditors.  *See* Mem. Supp. Mot. ("MPA") 3, ECF No. 236-1.  The cash remittance due under the Agreement is $20,000, and Mr. Tashjian owes his counsel at least $23,555.07.  *See* Shapero Decl. ¶¶ 2, 5.

Under California law, "[w]here there are competing liens, the general rule is that, all things being equal, liens have priority according to the time of their creation." *Waltrip v. Kimberlin*, 164 Cal. App. 4th 517, 525 (2008) (citing Cal. Civil Code § 2897).  "An attorney's contractual lien is created and takes effect when the fee agreement is executed." *Id.* (citation omitted).  "A contractual lien for attorney fees is a secret lien; no notice is required before it is effective against a judgment creditor who levies on the judgment." *Id.* (citation omitted).

Mr. Tashjian's counsel appeared in this action in March 2021, prior to the filing of either Judgment Creditor's lien or the judgments underlying those liens.  *See* ECF Nos. 80, 98, 147.  Accordingly, the lien held by counsel for Mr. Tashjian has priority over the liens of either Judgment Creditor.  *See Waltrip*, 164 Cal. App. 4th at 525.  Further, following oral argument, the Court is satisfied that the Agreement is not a collusive attempt to avoid any judgment lien.  *See Flores v. Jewels Mktg. & Agribusiness*, 2010 WL 1486913, at *5 (E.D. Cal. Apr. 13, 2010) (collecting cases regarding collusion inquiry).

For these reasons, the Court finds that Mr. Tashjian has satisfied the requirements under California Code of Civil Procedure § 708.440, and GRANTS the request for approval of the Agreement between Mr. Tashjian and the Settling Defendants.  The cash remittance of $20,000 shall be disbursed to the Shapero Law Firm Client Trust Account for payment of Mr. Tashjian's outstanding fees.  The Court hereby further ORDERS that Mr. Tashjian shall, within 30 days of

Case No.: 19-cv-01536-EJD
ORDER GRANTING PL.'S MOT. FOR APPROVAL OF SETTLEMENT
4

the entry of this order, file either a notice of dismissal of each of the Settling Defendants or a report as to the status of the dismissal.

**IT IS SO ORDERED.**

Dated: February 26, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 19-cv-01536-EJD
ORDER GRANTING PL.'S MOT. FOR APPROVAL OF SETTLEMENT
5