1

2

3

4                       UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6                            SAN JOSE DIVISION

7

8    VAHE TASHJIAN,                          Lead Case No.        19-cv-01536-EJD

           Plaintiff,                        Member Case No.      20-cv-08816-EJD
9
                                             **ORDER GRANTING PLANET HOME
10        v.                                 LENDING, LLC'S MOTION FOR
                                             SUMMARY JUDGMENT; DENYING
11   INVICTUS RESIDENTIAL POOLER - 2A,       AS MOOT MOTION TO EXCLUDE
     et al.,                                 EXPERT REPORTS AND TESTIMONY
12                                           OF DOUGLAS A. MINOR**
           Defendants.
13   ─────────────────────────────

14   VAHE TASHJIAN,                          Re: ECF Nos. 221, 222

           Plaintiff,
15
          v.
16
     PLANET HOME LENDING, LLC, et al.,
17
           Defendants.
18   ─────────────────────────────

19

20         This action consolidates two lawsuits brought by Plaintiff Vahe Tashjian ("Mr. Tashjian")

21   against various mortgage lenders and mortgage loan servicers in connection with payments on a

22   mortgage loan of over $3,300,000 issued to Mr. Tashjian in January 2018.  In his second lawsuit,

23   Mr. Tashjian sued Planet Home Lending, LLC ("Planet Home"), Sprout Mortgage Asset Trust

24   ("Sprout Mortgage"), and Prestige Default Services ("Prestige"), alleging the following 10 claims:

25   (1) breach of written contract; (2) breach of the covenant of good faith and fair dealing; (3) unfair

26   business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.

27   Code § 17,200, *et seq*.; (4) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

28   Case No.: 19-cv-01536-EJD
     ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

United States District Court
Northern District of California

1681, *et seq.*; (5) intentional misrepresentation; (6) negligent misrepresentation; (7) violation of the California Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2923.5, 2924.9, and 2924.17; (8) violation of the HBOR, Cal. Civ. Code § 2923.55; (9) wrongful foreclosure; and (10) injunctive relief. *See* First Am. Compl. ("FAC"), ECF No. 3-1 (N.D. Cal., No. 20-cv-08816-EJD).[1]  Sprout Mortgage Asset Trust and Prestige Default Services are no longer parties to this action. *See* ECF Nos. 109, 201.  Now pending before the Court is Planet Home's motion for summary judgment on all claims in the FAC, *see* Mot. Summ. J. ("MSJ"), ECF No. 222, as well as Planet Home's *Daubert* motion to exclude the reports and testimony of Mr. Tashjian's damages expert, *see* Mot. to Exclude Reports and Testimony of Douglas A. Minor ("*Daubert* Mot."), ECF No. 221.  Mr. Tashjian opposed both the summary judgment motion, *see* Opp'n to Mot. Summ. J. ("MSJ Opp'n"), ECF No. 225, and the *Daubert* motion, *see* Opp'n to *Daubert* Mot. ("*Daubert* Opp'n"), ECF No. 226.  Planet Home filed a reply in support of each motion.  *See* Reply in Supp. of Mot. Summ. J. ("MSJ Reply"), ECF No. 232; Reply in Supp. of *Daubert* Mot. ("*Daubert* Reply"), ECF No. 231.  The Court took both motions under submission without oral argument pursuant to Civil Local Rule 7-1(b).  *See* ECF Nos. 239, 241.

Having considered the parties' arguments, factual evidence, and the relevant law, the Court hereby GRANTS Planet Home's Motion for Summary Judgment and DENIES AS MOOT its Motion to Exclude Expert Reports and Testimony for the reasons below.

## I.      BACKGROUND

### A.      Factual Background

The following facts are undisputed unless otherwise noted.

#### 1.      Loan Terms and Modifications

On January 31, 2018, Mr. Tashjian entered into a loan agreement (the "Loan") with Recovco Mortgage Management, LLC ("Recovco") under which Recovco agreed to provide a mortgage loan to Mr. Tashjian in the principal sum of $3,307,500.  *See* FAC ¶ 16 & Exh. A; Decl.

---

[1] Unless otherwise stated, as here, all docket citations refer to the lead case.

United States District Court
Northern District of California

of Michael A. Iannucci in Supp. of Mot. ("Iannucci Decl."), Exh. 2, at 2, ECF No. 222-5.  The

Loan was secured by a Deed of Trust in favor of Recovco for a residential property located at 901

Loyola Drive, Los Altos Hills, CA 94024 (the "Property"), and evidence by a Fixed/Adjustable

Rate Note (the "Note").  *See* FAC, Exh. A; Iannucci Decl., Exh. 2, at 2; *see also* Decl. of Vahe

Tashjian in Opp'n to Mot. ("Tashjian Decl.") ¶ 3, ECF No. 225-1.[2]  The terms of the Loan

included a letter from Recovco to Mr. Tashjian, executed on January 30, 2018 (the "January 30

Letter"), under which Mr. Tashjian would owe interest-only payments for the first seven years of

the Loan.  *See* FAC, Exh. A; Iannucci Decl., Exh. 2, at 3; Tashjian Decl. ¶ 4.  The amount of each

monthly interest-only payment was $17,226.56.  *See* Tashjian Decl. ¶ 15.

On December 21, 2018, Mr. Tashjian executed a modification agreement regarding the

Loan (the "Modification Agreement" and, with the Loan, the Deed of Trust, the Note, and the

January 30 Letter, the "Loan Documents") with the then-servicer of the Loan.  *See* Iannucci Decl.,

Exh. 6 ("Mod. Agr."), ECF No. 222-9.  According to the Modification Agreement, the principal

balance on the Loan remained $3,307,500.  *See id.* at 1.  Further, Mr. Tashjian owed an arrearage

balance on the Loan of $155,039.04—composed of nine months of non-payment of the

$17,226.56 interest-only payments—and that the arrearage would be deferred and owed in full at

the occurrence of any of the following events:  the end of the Loan term; the refinancing of the

Loan; an acceleration of the Loan balance pursuant to a default on the Loan; or the sale of the

Property.  *See id.*  The Modification Agreement set forth a payment schedule under which Mr.

Tashjian was responsible for monthly payments consisting of both the interest-only payments and

an "Estimated Monthly Escrow Payment Amount."  *See id.* at 2.  Mr. Tashjian further agreed:  "I

will be in default if I do not comply with the terms of the Loan Documents, as modified by this

[Modification] Agreement."  *Id.*

Mr. Tashjian asserts that on January 22, 2019, he—through counsel—notified the then-

servicer of the Loan of a mistake in the Modification Agreement.  *See* Tashjian Decl. ¶ 20 & Exh.

---

[2] The Court addresses Planet Home's objection to the admissibility of the Tashjian Declaration in Part III of this order.

A.  Planet Home disputes the admissibility of this evidence.  *See infra*, at Part III.

### 2.    Mr. Tashjian's Payment History

Between May 29, 2019, and May 31, 2019, Mr. Tashjian made seven separate payments to the then-loan servicer.  *See* Iannucci Decl., Exh. 17 ("O'Connell TRO Decl.") ¶¶ 6–7, ECF No. 222-20.   These payments were applied to the amounts due for the months of December 2018 through June 2019.  *See id.*  The seven payments included four payments of $19,391.24 and three payments of $22,235.10, and were consistent with the payment amounts due under the Modification Agreement.  *See id.* ¶¶ 6–8.  Mr. Tashjian has not made any other payments on the Loan.  *See* Iannucci Decl., Exh. 1-A, ECF No. 222-4.

### 3.    Planet Home's Actions Regarding Loan

The Loan has been repeatedly sold or otherwise reassigned, and the servicers of the Loan have also changed over time.  *See generally* Iannucci Decl., Exhs. 8–16, ECF Nos. 222-11–222-19.  Planet Home became the Loan servicer on November 8, 2019.  *See* Iannucci Decl., Exh. 10, ECF No. 222-13; *id.* at Exh. 9 ("Tashjian Dep. Tr.") 234:15–235:3, ECF No. 222-12.  The prior loan servicer informed Mr. Tashjian of the transfer to Planet Home in a letter dated October 23, 2019.  *See id.* at Exh. 10.  Mr. Tashjian states that Planet Home notified him of its status as the new Loan servicer in December 2019.  *See* Tashjian Decl. ¶ 14.

On December 17, 2019, Planet Home issued Mr. Tashjian a document titled "Mortgage Loan Statement" indicating a "Regular Monthly Payment" of $0.00 in principal, $17,226.56 in interest, and $5,008.54 in escrow for "[t]axes and [i]nsurance."  *See* O'Connell TRO Decl. ¶ 12 & Exh. 3.  Mr. Tashjian asserts that he, through counsel, "offered the correct interest only payment due of $17,226.56," and that the offer was rejected.  Tashjian Decl. ¶ 16.  Mr. Tashjian further states that Planet Home subsequently "threatened to commence foreclosure proceedings against the Property, based in part on the accrued principal erroneously claims by prior lenders."  *Id.*

On December 26, 2019, Planet Home sent Mr. Tashjian a document titled "Notice of

Default and Intent to Accelerate" (the "Default Notice").  *See* O'Connell TRO Decl., Exh. 4[3];

Tashjian Decl. ¶ 17.  The Default Notice stated that the Loan was in default and due from July 1,

2019, and that curing the default required a payment of $292,610.49—consisting of $133,410.60

in "Total Past Due Payments," $155,039.04 in "Other Fees," and $4,160.85 in "Corporate

Advance Balance"—to be received by Planet Home on or before January 25, 2020.  *See*

O'Connell TRO Decl., Exh. 4, at 1.  The Default Notice further stated that if payment was not

timely received, Planet Home "may accelerate the maturity date of your note" and the "entire

principal balance may be declared due without further demand and the noteholder may proceed to

foreclosure and sell the property in accordance with the terms" of the Loan and applicable law.  *Id.*

The Default Notice additionally stated that Mr. Tashjian had "the right to assert in the foreclosure

proceeding or to bring a court action to assert, the non-existence of a default or any other defense

you may have to acceleration and sale."  *Id.* at 2.

On April 2, 2020, Planet Home sent Mr. Tashjian a letter requesting that Mr. Tashjian

contact Planet Home "to assess [Mr. Tashjian's] financial situation and explore potential options

that may be available to you to avoid foreclosure."  *Id.* at Exh. 5.  Mr. Tashjian asserts that:

> [o]n or around Spring of 2020, [he], through . . . counsel, demanded
> that [Planet Home] correct the error of claiming allegedly accrued
> principal[] [and] accept [his] correct and proper monthly loan
> payments, and notified [Planet Home] to cease any foreclosure
> activities based upon its error in determining the amounts due under
> the Loan, and demanded that it cease and/or immediately correct
> reporting any derogatory or incorrect default reporting against [him]
> to credit reporting agencies.

Tashjian Decl. ¶ 18.

On May 18, 2020, Planet Home, as the Loan servicer for Sprout Mortgage, recorded a

Substitution of Trustee naming Prestige Default as the substituted trustee for the Deed of Trust.

*See* Iannucci Decl., Exh. 14, ECF No 222-17.  Mr. Tashjian has stated he has no reason to dispute

the authenticity of this document.  *See* Tashjian Dep. Tr. 247:12–23.  On May 21, 2020, Planet

---

[3] Although the parties and the original declaration to which this exhibit is attached all state that the declaration is titled "Notice of Default and Intent to Foreclose," *see, e.g.*, MSJ 4; Tashjian Decl. ¶ 17; O'Connell TRO Decl. ¶ 13, a review of the exhibit indicates the correct title.

Case No.: 19-cv-01536-EJD
ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

1 │ Home recorded a Notice of Default on the Loan.  *See* Tashjian Decl. ¶ 7.

2 │      On August 11, 2020, an attorney purporting to act on behalf of Mr. Tashjian sent a letter to

3 │ Planet Home seeking information and documentation on Planet Home's "attempt to claim a notice

4 │ of default or a right to foreclose."  FAC, Exh. C, at 4–5.  Planet Home responded the next day,

5 │ stating that it was "reviewing the loan to ensure a thorough response."  *Id.* at 10.

6 │      A signed Notice of Trustee's Sale of the Property was recorded on September 10, 2020 in

7 │ Santa Clara County.  *See* Iannucci Decl., Exh. 5, ECF No. 222-8.  The Notice of Trustee's Sale

8 │ indicated a sale date of October 26, 2020.  *See id.*  Mr. Tashjian asserts that a Notice of Trustee's

9 │ Sale for the Property with a sale date of October 26, 2020 was "tacked to [his] door" at the

10 │ Property on September 14, 2020, but that the Notice was unsigned.  *See* Tashjian Decl. ¶ 7.   Mr.

11 │ Tashjian further asserts that he received an unsigned Notice of Sale on November 4, 2020, and that

12 │ at some point in time, the Property was scheduled to be sold at a foreclosure auction on November

13 │ 9, 2020.  *See id.* ¶¶ 2, 8.

14 │              **4.**       **Enjoinment of Foreclosure**

15 │      As discussed below, *see infra*, at Part I(B), Mr. Tashjian first sued Planet Home in

16 │ connection with the Loan and the Property on October 9, 2020 in state court in an action titled

17 │ *Vahe Tashjian v. Planet Home Lending, LLC, et al.* (Superior Court of California, County of Santa

18 │ Clara, No. 20-cv-371971).  On November 13, 2020, Mr. Tashjian filed a motion in that state court

19 │ action seeking a preliminary injunction enjoining Planet Home, Sprout Mortgage, and Prestige

20 │ from foreclosing on or taking any other action with respect to the Property.  *See* Iannucci Decl. ¶

21 │ 4.  The state court granted the injunction on December 9, 2020.  *See id.*  Planet Home then

22 │ canceled an ongoing foreclosure proceeding on the Property.  *See id.*  Although this Court later

23 │ granted Planet Home's motion to dissolve the state court's preliminary injunction, *see* ECF No.

24 │ 118, Planet Home has not foreclosed on the Property to date.  *See id.*  Mr. Tashjian continues to

25 │ reside at the Property.  *See* Tashjian Decl. ¶ 27; Tashjian Dep. Tr. 227:23–24.

28 │ Case No.: 19-cv-01536-EJD
│ ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

*United States District Court*
*Northern District of California*

B.     **Procedural History**

1.     **Filing of Suits, Removal to Federal Court, Relation, and Consolidation**

This consolidated action began on March 11, 2019, when Mr. Tashjian brought a suit in state court titled *Vahe Tashjian v. Invictus Residential Pooler – 2A, et al.* (Superior Court of California, County of Santa Clara, No. 19-cv-344317), relating to the Loan and the Property.  The action was removed to this Court on March 25, 2019.  *See* Not. Of Removal, ECF No. 1.  Planet Home, Sprout Mortgage, and Prestige were not named as defendants in that action.  *See* Compl., ECF No. 1.  Rather, Mr. Tashjian sued Planet Home, Sprout Mortgage, and Prestige on October 9, 2020 in state court in the *Vahe Tashjian v. Planet Home Lending, LLC* action.  *See* Compl., ECF No. 3-1 (N.D. Cal., No. 20-cv-08816-EJD).  Mr. Tashjian then filed the FAC against Planet Home, Sprout Mortgage, and Prestige in state court on November 13, 2020, *i.e.*, the same day he filed the motion for preliminary injunction.  *See* FAC.  That state court action was subsequently removed to federal court on December 11, 2020.  *See* Not. of Removal, ECF No. 3 (N.D. Cal., No. 20-cv-08816-EJD).  Planet Home answered the FAC on December 18, 2020.  *See* Answer, ECF No. 9 (N.D. Cal., No. 20-cv-08816-EJD).

The Court related the *Invictus* and *Planet Home* suits brought by Mr. Tashjian on January 6, 2021, and consolidated them on March 29, 2021.  *See* ECF Nos. 75, 84.  Mr. Tashjian has not filed a consolidated amended complaint; accordingly, the operative complaint against Planet Home is the FAC filed in the *Planet Home* state court action prior to removal to federal court.

2.     **Status of Sprout Mortgage and Prestige**

The two other defendants named in the *Planet Home* action were Sprout Mortgage and Prestige.  *See* FAC.  On December 1, 2021, pursuant to a stipulation submitted by Prestige and Mr. Tashjian, the Court issued an order holding that (1) the FAC names Prestige as a defendant based upon its "limited role handling non-judicial foreclosure . . . and solely for the purpose of having all necessary parties before the Court"; (2) that the FAC does not allege any misconduct by Prestige; (3) that Prestige is not liable to Mr. Tashjian for any monetary damages, attorney fees, or costs; and (4) that Prestige was not required to participate further in this action—except by

Case No.: 19-cv-01536-EJD
ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

1    responding to any discovery as a non-party—although it would be bound by any Court order

2    relating to the relevant Deed of Trust on the Property.  *See* ECF No. 109.  On July 6, 2023, the

3    Clerk of Court entered default as to Sprout Mortgage.  *See* ECF No. 201.

### 3.    The Instant Motions

5        On October 30, 2023, Planet Home moved for summary judgment of all claims in the

6    FAC.  *See* MSJ.  Planet Home also filed a concurrent *Daubert* motion to exclude the reports and

7    testimony of Mr. Tashjian's damages expert, Douglas A. Minor.  *See Daubert* Mot.  Both motions

8    were fully briefed on December 4, 2023.  The Court took both motions under submission.  *See*

9    ECF Nos. 239, 241.

10       The Court first addresses the *Daubert* motion and then reviews other evidentiary

11   objections before evaluating Planet Home's motion for summary judgment.

## II.    MOTION TO EXCLUDE EXPERT REPORTS AND TESTIMONY

13       Planet Home moves to exclude the reports and testimony of Douglas A. Minor.  *See*

14   *Daubert* Mot.  Mr. Tashjian opposes the motion, arguing that Mr. Minor's opinions on credit

15   impact and damages are admissible.  *See Daubert* Opp'n.  Because the Court finds that none of

16   Mr. Tashjian's claims survive summary judgment—a result independent of the contents of Mr.

17   Minor's reports—it will deny as moot Planet Home's motion to exclude Mr. Minor's reports and

18   testimony.

## III.    EVIDENTIARY OBJECTIONS

20       Mr. Tashjian makes no objections to the evidence presented by Planet Home.  *See*

21   *generally* MSJ Opp'n.  Planet Home objects to two items of evidence submitted in support of Mr.

22   Tashjian's opposition to the summary judgment motion:  (1) a letter dated January 22, 2019 from

23   Brendan J. Dooley, Esq. to the then-servicer of the Loan, Shellpoint Mortgage Servicing (the

24   "Letter"); and (2) Mr. Tashjian's declaration to which the letter is attached (the "Tashjian

25   Declaration").  *See* MSJ Reply 11–13.  Because the Court finds that none of Mr. Tashjian's claims

26   survive summary judgment, even considering these items of evidence, it DENIES AS MOOT

27   Planet Home's evidentiary objections.

28   Case No.: 19-cv-01536-EJD
ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

IV.     **MOTION FOR SUMMARY JUDGMENT**

2

      A.     **Legal Standard**

3

      Summary judgment is proper where the pleadings and evidence demonstrate "there is no

4

genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of

5

law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving

6

party "always bears the initial responsibility of informing the district court of the basis for its

7

motion, and identifying those portions of the pleadings and admissions on file, together with the

8

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."

9

*Id.* at 323.  If the moving party makes such a showing, the burden then shifts to the nonmoving

10

party to produce evidence supporting its claims or defenses.  *Nissan Fire & Marine Ins. Co. v.*

11

*Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  In evaluating evidence at the summary

12

judgment stage, the Court "does not assess credibility or weigh the evidence, but simply

13

determines whether there is a genuine factual issue for trial."  *House v. Bell*, 547 U.S. 518, 559–60

14

(2006).  A fact is "material" if it "might affect the outcome of the suit under the governing law,"

15

and a "genuine" dispute of material fact exists if there is sufficient evidence for a reasonable trier

16

of fact to decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

17

248 (1986).  Summary judgment must be denied if "a fair-minded jury could return a verdict for

18

the [non-moving party] on the evidence presented."  *Id.* at 252.

19

      B.     **Discussion**

20

      Mr. Tashjian brings 10 claims against Planet Home[4]:  (1) breach of written contract; (2)

21

breach of the covenant of good faith and fair dealing; (3) unfair business practices in violation of

22

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17,200, *et seq.*; (4)

23

violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (5) intentional

24

misrepresentation; (6) negligent misrepresentation; (7) violation of the California Homeowner Bill

25

of Rights ("HBOR"), Cal. Civ. Code §§ 2923.5, 2924.9, and 2924.17; (8) violation of the HBOR,

26

---

27

[4] Although the claims do not name Planet Home specifically, each claim is brought against either "Lenders" or "Defendants," and Planet Home is included in both terms.  *See* FAC at 1; *id.* ¶¶ 7–8.

28

Case No.: 19-cv-01536-EJD
ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

Cal. Civ. Code § 2923.55; (9) wrongful foreclosure; and (10) injunctive relief.  *See* FAC ¶¶ 89–242.  Planet Home moves for summary judgment on each of the ten claims.  *See generally* MSJ.  The Court addresses these claims in turn.

### 1.    Claim 1:  Breach of Written Contract

Mr. Tashjian alleges that Planet Home breached the written terms of the Loan by demanding incorrect payments under Loan, failing to accept correct monthly, wrongfully initiating foreclosure proceedings on the Property, incorrectly reporting to credit reporting agencies that Mr. Tashjian had defaulted on the Loan, and failing to ensure that the credit reporting agencies' records were corrected.  *See* FAC ¶¶ 89–92.  Under California law, a breach of contract claim requires "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  Planet Home argues that Mr. Tashjian cannot prove the first three elements of a breach of contract claim.  *See* MSJ 7–12.  Mr. Tashjian does not address this claim in his opposition papers.  *See generally* MSJ Opp'n.  Planet Home argues that Mr. Tashjian has thereby abandoned this claim and the seven other claims not addressed in the opposition, *see* MSJ Reply 1–2, but Mr. Tashjian indicates that he challenges the summary judgment motion in its entirety, *see* MSJ Opp'n 1, 13.  As such, the Court will review each claim under the standard summary judgment lens and evaluate whether there exists a material dispute of fact as to any element of the claim based on the evidence submitted by the parties.

As noted by Planet Home, none of the Loan Documents—*i.e.*, the Loan, the Deed of Trust, the Note, the January 30 Letter, and the Modification Agreement—name Planet Home as a party.  *See* FAC Exh. A; Mod. Agr.  Further, although Mr. Tashjian appended two items of correspondence between his counsel and Planet Home—a letter and a response—neither document indicates anything other than Planet Home's role as a servicer on the Loan.  *See* Tashjian Decl., Exh. B, at 4–5, 10–11.

"The general rule in California is that 'only a signatory to a contract may be liable for any breach.'"  *St. Vincent Med. Ctr. v. Mega Life & Health Ins. Co.*, 585 F. App'x 417, 419 (9th Cir.

United States District Court
Northern District of California

1   2014) (quoting *Clemens v. Am. Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987)); *see also, e.g.*,

2   *Tri-Continent Int's Corp. v. Paris Sav. & Loan Ass'n*, 12 Cal. App. 4th 1354, 1359 (1993) ("Tri–

3   Continent cannot assert a claim for breach of contract against one who is not a party to the

4   contract.").  As such, Mr. Tashjian may not bring a claim against Planet Home for breach of

5   contract based on the Loan Documents.  *See, e.g.*, *Howard v. First Horizon Home Loan Corp.*, No.

6   12–cv–05735, 2013 WL 3146792, at *2 (N.D. Cal. June 18, 2013) ("Under California law, a

7   mortgagor cannot bring a claim for breach of contract against a servicer premised on the deed of

8   trust because a loan servicer is not a party to the deed of trust.") (citing cases); *Lomboy v. SCME*

9   *Mortg. Bankers*, No. 09-cv-1160, 2009 WL 1457738, at *5 (N.D. Cal. May 26, 2009) (dismissing

10  borrower's California breach of contract claim against loan servicer after rejecting argument that

11  servicing fee implied existence of contract between borrower and loan servicer); *Conder v. Home*

12  *Savs. of Am.*, 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) ("The fact that [Loan Servicer] entered

13  into a contract with [Lender] to service Plaintiff's loan does not create contractual privity between

14  [Loan Servicer] and Plaintiff.") (citing *Lomboy*, 2009 WL 1457738, at *5).

15      At least two California appellate courts have approved of this line of reasoning, albeit in

16  unpublished decisions.  *See Brooks v. Quantum Servicing Corp.*, No. __, 2012 WL 1898941, at *3

17  (Cal. Ct. App. May 25, 2012) ("[F]ederal courts applying California law have brusquely dismissed

18  the notion that loan servicers, as agents for the holder of the loan, are parties to deeds of trust or

19  the mortgage, or that a loan servicer is in privity with the holder of the loan. . . . No contrary

20  conclusion is required here.") (citations omitted); *Bundick v. Penny Mac Loan Servs. LLC*, No.

21  C079577, 2021 WL 2309954, at *22 (Cal. Ct. App. June 7, 2021) (finding no contractual

22  relationship between borrower and loan servicer after noting that "we have not readily found

23  California appellate cases directly on point, [but] those federal courts applying California law that

24  have considered the issue have concluded that, under California law, a loan servicer is not party to

25  a deed of trust").

26      Accordingly, in light of the Loan Documents supplied by Planet Home, the lack of

27  opposition by Mr. Tashjian, and the Court's analysis of the governing law, the Court finds that

28  Case No.: 19-cv-01536-EJD
    ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

United States District Court
Northern District of California

1    there is no genuine dispute of fact that no contract existed between Mr. Tashjian and Planet Home.

2    The Court will grant summary judgment on Mr. Tashjian's breach of contract claim.

3                    **2.    Claim 2:  Breach of Implied Covenant of Good Faith and Fair Dealing**

4         Mr. Tashjian alleges that Planet Home breached the implied covenant of good faith and

5    fair dealing.  *See* FAC ¶¶ 89–92.  Planet Home argues that summary judgment must be granted on

6    this claim as a matter of law, *see* MSJ 12–13, and Mr. Tashjian does not address Planet Home's

7    arguments, *see generally* MSJ Opp'n.  Because the Court has found that no contract exists between

8    Mr. Tashjian and Planet Home, *see supra*, at Part IV(B)(1), the claim for breach of the implied

9    covenant of good faith and fair dealing cannot survive.  *See, e.g.*, *Rosal v. First Fed. Bank of Cal.*,

10   671 F. Supp. 2d 1111, 1129 (N.D. Cal. 2009) ("To establish a breach of an implied covenant of

11   good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation,

12   along with conduct that frustrates the other party's rights to benefit from the contract.") (citing

13   *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031 (1992)).  The

14   Court will therefore grant summary judgment on this claim.

15                    **3.    Claim 3:  UCL Violation**

16        "The UCL proscribes three varieties of competition: 'acts or practices which are unlawful,

17   or unfair, or fraudulent.'"  *Henard v. HSBC Bank USA, N.A.*, No. 5:17-cv-01222, 2017 WL

18   4809750, at *7 (N.D. Cal. Oct. 25, 2017) (quoting *Khoury v. Maly's of California, Inc.*, 14 Cal.

19   App. 4th 612, 618–19 (1993)).  Mr. Tashjian's third claim alleges that Planet Home violated each

20   of the unfair, unlawful, and fraudulent prongs of the UCL.  *See* FAC ¶¶ 100–122.

21        For purposes of the UCL, "unlawful" business practices are those that are "forbidden by

22   law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."

23   *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838 (1999).  "Unfair" practices constitute "conduct

24   that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of

25   those laws because its effects are comparable to or the same as a violation of the law, or otherwise

26   significantly threatens or harms competition."  *Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,

27   20 Cal. 4th 163, 187 (1999); *see also Ticconi v. Blue Shield of Cal. Life & Health Ins. Co.*, 160

28   Case No.: 19-cv-01536-EJD

United States District Court
Northern District of California

Cal. App. 4th 528, 539 (2008) ("An 'unfair' business practice occurs when that practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.") (citation and internal alterations omitted).  Lastly, a "fraudulent" business practice "is one which is likely to deceive the public."  *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1471 (2006) (citations omitted).  The Court addresses each of the three prongs in turn.

### a.      Unlawful Conduct Under the UCL

Mr. Tashjian's first UCL claim alleges that Planet Home engaged in unlawful business practices by "violat[ing] various state and federal laws, including but not limited to those alleged herein," most concretely by "providing false or misleading information" and "failing to honor proper state law mandated foreclosure proceedings."  FAC ¶ 104; *see also id.* ¶ 103.  A claim under the "unlawful" prong of the UCL "hinges upon whether a plaintiff can formulate a claim under the predicate law."  *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (citing *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017)).  Planet Home argues that Mr. Tashjian is unable to identify any specific act that violated any particular law, and that to the extent this claim is premised on a violation of the FCRA, the HBOR, or a wrongful foreclosure, he is unable to establish the predicate violations.  *See* MSJ 13–14.  Mr. Tashjian argues that his claim is "tethered to Defendant's violation of [Cal.] Civ[.] Code § 2924.17."  MSJ Opp'n 12.

Because the Court finds that Mr. Tashjian is unable to state a claim for a violation of California Civil Code § 2924.17, *see infra*, at Part IV(B)(6), and that none of his other claims survive, this UCL claim must also fail for lack of a predicate violation.  *See Eidmann*, 522 F. Supp. at 647 ("Thus, if the plaintiff cannot state a claim under the predicate law[,] the UCL claim also fails.") (internal alterations and citation omitted).  The Court will grant summary judgment on this claim.

### b.      Unfair Conduct Under the UCL

Mr. Tashjian alleges that Planet Home violated the UCL's prohibition of unfair business

United States District Court
Northern District of California

practices to the extent Planet Home (1) failed to properly notify Mr. Tashjian of his rights to dispute an alleged default per the signed Deed of Trust, California law, and California public policy," FAC ¶ 107; (2) failed to permit him to cure the alleged default in a timely manner, *see id.*; (3) failed to notify and allow Mr. Tashjian to seek legally permissible alternatives to foreclosure, *id.*; (4) subjected Mr. Tashjian to wrongful foreclosure, *id.*; (5) "failed to record Substitutions of Trustee, not only for Plaintiff, but for a large part of the general public, as required by the Deed of Trust, California law, and California public policy," *id.* ¶ 108; (6) failed to notify Mr. Tashjian of the acceleration of his debt, *id.* ¶ 109; and (7) unfairly held itself out as having proper authority to file publicly recorded documents and foreclose on the Property even though it was not a "lawful agent[], beneficiar[y], or trustee[] for the true and legal owner of the [N]ote," *id.* ¶ 110.  Planet Home argues that the undisputed facts require summary judgment on this claim.  *See* MSJ 14–15.  Mr. Tashjian counters that he rescinded the Modification Agreement on January 22, 2019, based on a mutual mistake, so that Planet Home's foreclosure enforcement based on a purported default under the terms of the Modification Agreement constituted an unfair business practice.  *See* MSJ Opp'n 10–11.

### i. Challenged Practices (1), (2), (3), & (6)

The facts before the Court are as follows.  The prior loan servicer informed Mr. Tashjian of the transfer to Planet Home in a letter dated October 23, 2019.  *See* Iannucci Decl., Exh. 10.  Mr. Tashjian states that Planet Home notified him of its status as the new Loan servicer in December 2019.  *See* Tashjian Decl. ¶ 14.  Mr. Tashjian does not dispute that Planet Home is the Loan servicer.  *See* FAC ¶ 12; Tashjian Decl. ¶ 5.  On December 26, 2019, Planet Home sent Mr. Tashjian a document titled "Notice of Default and Intent to Accelerate" (the "Default Notice").  *See* O'Connell TRO Decl., Exh. 4; Tashjian Decl. ¶ 17.  The Default Notice stated that the Loan was in default and due from July 1, 2019, and that curing the default required a payment of $292,610.49, to be received by Planet Home on or before January 25, 2020.  *See* O'Connell TRO Decl., Exh. 4, at 1.  The Default Notice further stated that if payment was not timely received, Planet Home "may accelerate the maturity date of your note" and the "entire principal balance

1    may be declared due without further demand and the noteholder may proceed to foreclosure and

2    sell the property in accordance with the terms" of the Loan and applicable law.  *Id.*  The Default

3    Notice additionally stated that Mr. Tashjian had "the right to assert in the foreclosure proceeding

4    or to bring a court action to assert, the non-existence of a default or any other defense you may

5    have to acceleration and sale."  *Id.* at 2.  Mr. Tashjian does not submit any contradictory evidence.

6    As such, the undisputed facts foreclose Mr. Tashjian's claim for unfair conduct based on the first,

7    second, third, and sixth practices listed above.

8                    **ii.      Challenged Practices (4), (5), & (7)**

9            The evidence further shows that the Loan was secured by a Deed of Trust for the Property.

10   *See* Tashjian Decl. ¶ 3.  Pursuant to the Modification Agreement, Mr. Tashjian was responsible for

11   monthly payments consisting of both the interest-only payments and an "Estimated Monthly

12   Escrow Payment Amount."  *See* Mod. Agr. 2.  In executing the Modification Agreement, Mr.

13   Tashjian agreed, "I will be in default if I do not comply with the terms of the Loan Documents, as

14   modified by this [Modification] Agreement."  *Id.*  Although Mr. Tashjian argues that Planet Home

15   unfairly foreclosed on the Property because the Modification Agreement had been rescinded due

16   to mutual mistake, his position fails for multiple reasons.  First, the FAC does not allege the

17   rescission as a theory of liability for a violation of the UCL.  *See* FAC ¶¶ 105–110.  In fact,

18   although Mr. Tashjian does allege that the Modification Agreement was rescinded, *see id.* ¶¶ 38–

19   40 & Exh. B, there is no allegation anywhere in the FAC as to the theory of mutual mistake.  A

20   plaintiff generally may not raise a new theory of liability for the first time in opposition to

21   summary judgment.  *See, e.g.*, *Lavin v. United Techs. Corp.*, No. 13–cv–09384, 2015 WL 847392,

22   at *20 (C.D. Cal. Feb. 23, 2015) (citing *Patel v. City of Long Beach*, 564 F. App'x 881, 882 (9th

23   Cir. 2014)).  Further, even if the Court considers the rescission allegations and Exhibit B to the

24   FAC—*i.e.*, the January 22, 2019 letter—to constitute a sufficient basis for the present argument,

25   and assuming the letter accomplished a valid rescission, Mr. Tashjian subsequently made seven

26   payments in May 2019 pursuant to the terms of the Modification Agreement.  *See* O'Connell TRO

27   Decl. ¶¶ 6–8.  Such conduct ratified the Modification Agreement.  *See Monfort v. Adomani*, No.

28   Case No.: 19-cv-01536-EJD
     ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

United States District Court
Northern District of California

1   18-CV-05211, 2019 WL 6311378, at *6 (N.D. Cal. Nov. 25, 2019) ("Ratification occurs when the

2   [] party, 'with full knowledge of the material facts permitting rescission, has engaged in some

3   unequivocal conduct giving rise to a reasonable inference that he or she intended the conduct to

4   amount to a ratification.'") (citation omitted).

5          The evidence additionally shows that the payments demanded by Planet Home only sought

6   interest and escrow fees, *i.e.*, Planet Home did not demand payment of any portion of the principal

7   amount of the Loan.  *See* Tashjian Dep. Tr. 257:10–258:17; O'Connell TRO Decl. ¶ 12 & Exh. 3.

8   The interest payment on the loan was $17,226.56, and the escrow fee was $5,008.54.  *See*

9   O'Connell TRO Decl., Exh. 3.  Mr. Tashjian tendered a payment of $17,226.56, which was

10  rejected.  Tashjian Decl. ¶ 16.  As such, Mr. Tashjian has not made any payments on the Loan

11  since May 31, 2019, including since Planet Home became the Loan servicer in November 2019.

12  *See* Iannucci Decl., Exh. 1-A.

13         Planet Home recorded a Substitution of Trustee on May 18, 2020, *see* Iannucci Decl., Exh.

14  14, and Mr. Tashjian does not dispute its authenticity, *see* Tashjian Dep. Tr. 247:12–23.  Planet

15  Home then recorded a Notice of Default on the Loan on May 21, 2020, *see* Tashjian Decl. ¶ 7, and

16  recorded a signed Notice of Trustee's sale on September 10, 2020, *see* Iannucci Decl., Exh. 5.

17         Based on the foregoing facts, the Court finds there is no genuine dispute of fact that Planet

18  Home did not engage in the fourth, fifth, and seventh unfair practices described above.

19                           **iii.    Conclusion**

20          In sum, Mr. Tashjian has provided no evidence that Planet Home acted in a manner

21  consistent with the concept of unfairness under the UCL, *i.e.*, there is no evidence of immoral,

22  unscrupulous, or otherwise unethical behavior on the part of Planet Home.  Accordingly, the Court

23  will grant summary judgment on this claim.

24                    **c.    Fraudulent Conduct Under the UCL**

25          Mr. Tashjian also alleges a violation of the "fraudulent" prong of the UCL, based on

26  allegations that Planet Home's actions—such as "making material misrepresentations or

27  omissions, knowingly filing false instruments for the general public to view . . . [and/or] without

28  Case No.: 19-cv-01536-EJD
ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

United States District Court
Northern District of California

1    requiring declarations, failing to properly notify Plaintiff of his rights to dispute alleged defaults

2    and wrongful foreclosure[,] . . . unlawfully fil[ing] public documents . . . without the authority to

3    do so," FAC ¶¶ 112–113—were undertaken as part of a fraudulent scheme to attempt to "sell

4    property in order to profit," *id.* ¶ 114.  He further alleges that Planet Home's actions were "likely

5    to not only deceive Plaintiff, but [were] likely to deceive the public in general."  *Id.* ¶ 112.  Planet

6    Home argues that Mr. Tashjian does not identify any specific misrepresentation by Planet Home,

7    and that no evidence supports this claim.  *See* MSJ 15–16.  Mr. Tashjian does not address these

8    arguments.  *See generally* MSJ Opp'n.

9    As described in more detail above, *see supra*, at Part IV(B)(3)(b), the evidence before the

10   Court indicates that Planet Home properly notified Mr. Tashjian of his rights and that Mr. Tashjian

11   does not dispute Planet Home's status as the Loan servicer or the authenticity of the documents

12   recorded by Planet Home with respect to the Property.  Mr. Tashjian has provided no evidence to

13   the contrary.  Therefore, the Court will grant summary judgment on this claim.

14                    **4.    Claim 4:  FCRA Violation**

15   Mr. Tashjian's fourth claim alleges that Planet Home violated the FCRA by failing to

16   conduct a reasonable investigation into the accuracy of the payments due under the Loan

17   Documents and thus reporting that the Loan was in default, and by failing to update incomplete or

18   inaccurate information it had previously reported to credit reporting agencies.  *See* FAC ¶¶ 123–

19   132.  "To state a claim under the FCRA, a plaintiff must show that: (1) he found an inaccuracy in

20   his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified

21   the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the

22   inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s–

23   2(b)(1)(A)–(E)."  *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016)

24   (citation omitted).  An FCRA violation may be either negligent or willful.  *See Moran v. Screening*

25   *Pros, LLC*, 25 F.4th 722, 728 (9th Cir. 2022) (citation omitted).  A negligent violation involves a

26   defendant's objectively unreasonable interpretation of the statute, and a willful violation requires

27   either a knowing or reckless violation of a statutory standard.  *See id.* (citations omitted).  Planet

28

United States District Court
Northern District of California

1   Home argues that Mr. Tashjian's FCRA claim "fails because (1) he has no evidence from which a

2   trier of fact could reasonably infer that Planet Home committed a willful or negligent violation of

3   the FCRA, and (2) his alleged damages are unrecoverable as a matter of law."  MSJ 18; *see id.* at

4   16–22.  Mr. Tashjian does not address Planet Home's arguments as to this claim.

5          The undisputed evidence submitted by Planet Home establishes that Mr. Tashjian made

6   seven payments pursuant to the terms of the Modification Agreement, after which he failed to

7   make any payments on the Loan.  *See* O'Connell TRO Decl. ¶¶ 6–10.  Planet Home notified Mr.

8   Tashjian of his status of default in December 2019, and Mr. Tashjian did not cure the default.  *See*

9   *id.* ¶¶ 10–13; Tashjian Dep. Tr. 254:15–16.  In August 2020, Mr. Tashjian, through counsel,

10  sought documentation from Planet Home regarding its right to attempt to enforce a default or

11  foreclosure, and Planet Home responded the next day stating it was reviewing its documents to

12  make a thorough response.  *See* FAC, Exh. C, at 4–5, 10.  To the extent Mr. Tashjian's declaration

13  states otherwise, *see, e.g.*, Tashjian Decl. ¶ 10, it consists of legal conclusions, contradicts his

14  sworn testimony, and provides no supporting evidence, and thus does not create a genuine dispute

15  of material fact.  *See Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) ("[A]

16  conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is

17  insufficient to create a genuine issue of material fact.") (citation omitted); *Monfort*, 2019 WL

18  6311378, at *7 ("Courts need not consider a new affidavit that contradicts sworn testimony or

19  interrogatory answers.") (citation omitted).

20         The Court accordingly finds that the undisputed facts show that Planet Home's report of

21  Mr. Tashjian's default was accurate, and that no evidence indicates some other violation of the

22  FCRA.  The Court therefore need not and does not address Planet Home's arguments as to Mr.

23  Tashjian's lack of damages, *see* MSJ 20–22, and will grant summary judgment on this claim.

24                    **5.      Claims 5 & 6:  Intentional and Negligent Misrepresentation**

25         Mr. Tashjian's fifth claim alleges that Planet Home intentionally misrepresented that it was

26  a valid servicer of the Loan and valid authority to foreclose on the Property.  *See* FAC ¶¶ 139–

27  140; *see generally id.* ¶¶ 133–160.  His sixth claim alleges that Planet Home made unspecified

28  Case No.: 19-cv-01536-EJD
    ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

United States District Court
Northern District of California

1    negligent misrepresentations "more fully set forth in the First Cause of Action [for breach of

2    contract]" and related to the "unlawful acceleration of debt instrument." *See id.* ¶¶ 163, 168; *see*

3    *generally id.* ¶¶ 161–174.  Planet Home argues that these claims fail because no link exists

4    between Planet Home's attempted foreclosure on the Property and any alleged false

5    representation.  *See* MSJ 22–23.  Mr. Tashjian does not address these arguments.

6         As noted above, *see supra*, at Parts IV(B)(1), IV(B)(3), the undisputed evidence indicates

7    that Mr. Tashjian does not have a breach of contract claim against Planet Home, and that Planet

8    Home is the valid Loan servicer and followed proper procedures in notifying Mr. Tashjian of his

9    default and subsequently attempting to foreclose on the Property.  Mr. Tashjian has provided no

10   evidence creating a genuine issue of material fact suggesting any false representation made by

11   Planet Home.  Accordingly, the Court will grant summary judgment on the claims for intentional

12   and negligent misrepresentation.

### 6.    Claims 7–8:  HBOR Violations (Cal. Civ. Code §§ 2923.5, 2923.55, 2924.9, & 2924.17)

15        Mr. Tashjian's seventh claim alleges that Planet Home violated the HBOR as to California

16   Civil Code §§ 2923.5, 2924.9, and 2924.17, and his eight claim alleges an HBOR violation as to

17   California Civil Code § 2923.55.  *See* FAC ¶¶ 175–225.  As relevant here, the four challenged

18   sections of the HBOR require servicers, prior to a foreclosure, to timely communicate with the

19   homeowner both prior and subsequent to recording a notice of default, *see* Cal. Civil Code §§

20   2923.5, 2923.55, 2924.9, and to ensure the accuracy and completeness of all foreclosure

21   documents, *see* Cal. Civil Code § 2924.17.  Planet Home argues that no evidence supports Mr.

22   Tashjian's claims that it did not comply with the HBOR, including to the extent that the theory of

23   liability is based on the validity of Planet Home's status as the Loan servicer.  *See* MSJ 24.  Planet

24   Home further argues that Mr. Tashjian's claims under the HBOR are effectively moot because

25   Planet Home is statutorily barred from using the September 2020 Notice of Default as the basis for

26   a foreclosure, so that any alleged flaws with the relevant notices are inconsequential.  *See id.*

27   (citing Cal. Civ. Code § 2924g(c)(2)).  Mr. Tashjian responds only as to § 2924.17, and argues that

28   Case No.: 19-cv-01536-EJD
     ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Planet Home's foreclosure notice documents were inaccurate because they were based on a

2  purported default under the Modification Agreement, which Mr. Tashjian argues was rescinded.

3  *See* MSJ Opp'n 12–13.

4  Mr. Tashjian's sole argument fails because the Court has found his May 2019 payments

5  ratified the Modification Agreement.  *See supra*, at Part IV(B)(3)(b)(ii).  In considering the

6  claimed HBOR violations as a whole, the undisputed evidence before the Court indicates that

7  Planet Home was the valid servicer of the Loan and acted in accordance with the requirements of

8  the HBOR.  Mr. Tashjian has provided no evidence to the contrary except for his declaration,

9  which, as the Court has noted, does not create a genuine dispute of fact because it is full of legal

10  conclusions, contradicts Mr. Tashjian's sworn testimony and the documentary evidence before the

11  Court, and is unsupported by any other documentation.  *See supra*, at Part IV(B)(4) (citing

12  *Monfort*, 2019 WL 6311378, at *7).  Accordingly, the Court need not reach Planet Home's

13  mootness argument, and will grant summary judgment on these claims.

14  **7.      Claim 9:  Wrongful Foreclosure**

15  Mr. Tashjian's ninth claim alleges wrongful foreclosure based on the alleged falsity of

16  statements in the recorded instruments related to the attempted foreclosure of the Property.  This

17  claim is not yet ripe, as a wrongful foreclosure claim cannot be asserted prior to a completed

18  trustee's sale.  *See Henard*, 2017 WL 4809750, at *3 (citing cases); *see also, e.g.*, *Saterbak v.*

19  *JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814 (2016) ("California courts do not allow

20  such preemptive suits [to prevent a foreclosure sale] because they would result in the

21  impermissible interjection of the courts into a nonjudicial scheme enacted by the California

22  Legislature.") (internal quotation marks and citation omitted).  Here, the undisputed facts show

23  that the Property has not been sold and that Mr. Tashjian continues to reside therein.  *See* Iannucci

24  Decl. ¶ 4; Tashjian Dep. Tr. 227:23–228:3, 254:4–16.  The Court will therefore grant summary

25  judgment on this claim.

26  **8.      Claim 10:  Injunctive Relief**

27  Lastly, Mr. Tashjian brings a claim for injunctive relief to preliminarily and permanently

28  Case No.: 19-cv-01536-EJD
ORDER GRANTING PHL'S MOT. SUMM. J.; DENYING AS MOOT *DAUBERT* MOT.

enjoin Planet Home from foreclosing on or taking any other action with respect to the Property. *See* FAC ¶¶ 238–242.  California law does not permit a standalone claim for injunctive relief.  *See, e.g.*, *Ivanoff v. Bank of Am., N.A.*, 9 Cal. App. 5th 719, 734 (2017) ("Injunctive relief is a remedy, not a cause of action.").  Accordingly, Mr. Tashjian's claim for injunctive relief must fail.

## V.    ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Planet Home's motion for summary judgment is GRANTED IN FULL;

2. Planet Home's motion to exclude the expert reports and testimony of Douglas A. Minor is DENIED AS MOOT;

3. Planet Home's evidentiary objections are DENIED AS MOOT; and

4. The status conference set for April 4, 2024 regarding trial scheduling for Mr. Tashjian's case against Planet Home is TERMINATED AS MOOT.


**IT IS SO ORDERED.**

Dated: February 26, 2024

_____
EDWARD J. DAVILA
United States District Judge