UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VAHE TASHJIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>RECOVCO MORTGAGE MANAGEMENT, LLC,, et al.,<br><br>    Defendants. | Lead Case No.   19-cv-01536-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: ECF No. 258 |

Pending before the Court is Plaintiff Vahe Tashjian's ("Plaintiff") Motion for Default Judgment (the "Motion") against Recovco Mortgage Management, LLC ("Recovco") and Sprout Mortgage Corporation. *See* Mot., ECF No. 258. No party filed an opposition to the Motion, and the Court heard oral argument on the Motion on May 9, 2024. For the reasons discussed at the hearing and described in brief below, the Court DENIES the Motion without prejudice to Plaintiff refiling it in accordance with the guidance below.

First, Sprout Mortgage Corporation is not a proper party to the Motion, because Plaintiff voluntarily dismissed Sprout Mortgage Corporation in 2019. *See* ECF No. 43. Plaintiff may have meant for the Motion to include Sprout Mortgage Asset Trust ("SMAT"), as Plaintiff moved for—and was granted—entry of default as to Recovco and SMAT in mid-2023. *See* ECF Nos. 200, 201. However, the Court cannot so assume, and any later-filed motion for default judgment must name the proper parties.

Second, before granting a motion for default judgment, a court must determine whether it has subject matter jurisdiction over the case at the time of evaluating the motion, as well as personal jurisdiction over the defendants as to whom default judgment is sought. *See In re Tulli*,

Case No.: 19-cv-01536-EJD
ORDER DENYING WITHOUT PREJUDICE PL.'S MOT. DEF. J.
1

172 F.3d 707, 712 (9th Cir. 1999).  The Motion does not address either subject matter jurisdiction or personal jurisdiction.  *See generally* Mot.  The Court notes that although each of the two cases in this consolidated action was initially removed to federal court pursuant to federal question jurisdiction based on Plaintiff's FCRA claim, Plaintiff stipulated to strike the FCRA claim against Recovco in June 2019.  *See* ECF Nos. 38, 39.

Third, the Court notes that there is no proof of service of the operative complaint on either Recovco or SMAT.  Although Recovco has an answer on file and may be presumed to have been served, the Court suggests that any motion for default judgment discuss why the Court should consider the parties, and particularly SMAT, to have been aware of the action filed against them.

Fourth, and relatedly, it appears to the Court that the Motion may not have been properly served on the relevant parties.  Federal Rule of Civil Procedure 55(b)(2) requires that "if the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."  Plaintiff claims to have served the Motion on the parties via ECF to counsel at Blank Rome LLP, care of Rachael Weatherly, at rachael.weatherly@blankrome.com.  However, although Ms. Weatherly filed a notice of appearance on behalf of Recovco and SMAT on July 19, 2023, *see* ECF No. 204, she filed a corrected notice of appearance the following day on which Recovco and SMAT do not appear, *see* ECF No. 206.  It thus appears that Recovco and SMAT are not represented, and Plaintiff should ensure service as appropriate under those circumstances.

Fifth, the *Eitel* factors were not sufficiently briefed in the Motion.

- For example, with respect to the substantive merits and sufficiency of the complaint factors, Plaintiff only mentioned three claims, and even with respect to that subset of claims did not review the legal elements of the claims and how the pleadings establish those elements.  These cursory arguments weigh against default judgment.  The Court notes that it will not consider any claims beyond those briefed in the motion for default judgment.
- Likewise, regarding the factor for the sum of money in dispute, the Court notes that

Case No.: 19-cv-01536-EJD
ORDER DENYING WITHOUT PREJUDICE PL.'S MOT. DEF. J.
2

Plaintiff seeks about $5.3 million in damages with almost no explanation of those sums. The list of claimed damages appears to include five loans for which Plaintiff received worse rates than originally quoted, as well as damages for "loss of $1,000,000" and "loss of $2,000,000." The Court was unable to find an explanation of the loan circumstances in the moving papers, and the number and amount of the loans described did not clearly match the damages alleged in the complaints. Further, there was no explanation as to the two claimed lump-sum losses. Given the large sum of money requested, the Court suggests that Plaintiff explain each item clearly, including how the parties against whom default judgment is sought are responsible for those amounts.

- Plaintiff should address Recovco's answer—which denies several of Plaintiff's allegations—in considering the factor of a possibility of dispute concerning material facts.
- Plaintiff should also address the factor of excusable neglect, particularly as it relates to any service issues with the complaint.

In light of these deficiencies, the Court hereby DENIES without prejudice Plaintiff's Motion. Pursuant to the discussion at oral argument, the Court understands that Plaintiff plans to file a renewed motion for default judgment. The Court cautions Plaintiff that default judgments are generally frowned upon, so that any motion for default motion should set forth Plaintiff's best arguments for the relief requested. Any such motion must be filed by May 20, 2024. Oppositions shall be due on June 3, 2024, and replies on June 7, 2024. The motion will be heard on June 13, 2024, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: May 13, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 19-cv-01536-EJD
ORDER DENYING WITHOUT PREJUDICE PL.'S MOT. DEF. J.
3